■ In the Matter of BERNICE HOBBS, Petitioner, v. ABE LAVINE, as Commissioner of the Department of Social Services of the State of New York, Respondent.— Proceeding pursuant to article 78 of the CPLR to review respondent's determination, dated December 18, 1972 and made after a hearing, which affirmed a determination of the New York City Department of Social Services discontinuing petitioner's home relief assistance upon a finding that she was fully employed. Application granted and determination annulled, on the law, with costs, and petitioner's home relief assistance directed to be rein-

stated, retroactively from October 26, 1972, the date of its termination. The costs shall be taxed in the office of the Clerk of the County of Queens. In our opinion, respondent's determination was not supported by substantial evidence (CPLR 7803, subd. 4). Prior to October 26, 1972 petitioner received public assistance, semi-monthly, from the New York City Department of Social Services in the Home Relief category. On or about October 12, 1972 she received a "Notice of Intent to Discontinue or Suspend Public Assistance", which stated her assistance would be discontinued on October 26, 1972 because she was "fully employed". Although she did not request a conference as advised in the "Notice", she did request, and received, a "fair hearing" before the State Department of Social Services, which was held on November 27, 1972. The sole evidence presented by the city agency at the hearing consisted of two case-record entries contained in petitioner's record file. The first entry consisted of an undated notation by an unnamed agency employee which stated that he had called petitioner for an appointment and an unidentified person had answered and stated "she was working". The second entry was a notation which stated that on September 15, 1972 an agency worker attempted a home visit to petitioner's residence, but that petitioner was not home. There was testimony at the hearing that petitioner was under constant medical attention, unable to work and was visiting a friend on the date of the home visit. Based upon the foregoing evidence, respondent found not only that petitioner was "employed" but that her income was such that her public assistance should be discontinued. The evidence adduced by respondent amounted to a mere scintilla and no reasonable inference of employment, let alone the pecuniary amount of petitioner's endeavors, could be drawn therefrom (*Matter of Ralph* v. *Board of Estimate of City of N. Y.*, 306 N. Y. 447; *Matter of Stork Rest.* v. *Boland*, 282 N. Y. 256). Rabin, P. J., Hopkins, Shapiro, Christ and Brennan, JJ., concur.